The opinion of the court was delivered by
Manning, O. J.
The defendant on Sept. 13, 1852, sold a house and lot in the town of Baton Bouge to George Gordon for §650, payable Feb. *285 1,1853, with interest from day of sale. The act of sale contained also a. mortgage upon the property, and a retention of the vendor’s lien, to-secure the payment of the purchase price, and was recorded in the Conveyance book on the same day of its execution; but not in the Mortgage book until the 21st of same month. The mortgage was re-inscribed August 29, 1865.
In the meantime viz. on March 11, 1862, Gordon gave a mortgage-on the same property to Michael Devince for $310, bearing eight per centum interest. Gordon died in 1867, and his widow, the present plaintiff, became his administratrix, and qualified as natural tutrix to-his childreu. The movables were sold, and consisting chiefly of an un-' gathered cotton crop, the proceeds did not suffice to pay more than the-charges for gathering it, and the other privileges resting upon it.
Pending these mortuary proceedings, viz on Sept. 19,1867, Knox obtained an order of seizure and sale of the mortgaged property, after the usual notice had been served on the present plaintiff as administratrix, and bought it at the sale thus provoked for $1,150.00. The sum of $717.13 was applied to the satisfaction of the order of seizure and sale, and the residue was retained in his hands to satisfy the previous mortgage. Eor it is necessary to observe that Gordon’s mortgage to Devince was given in March, 1862, and that Knox’s mortgage was not re-inscribed until 1865, thirteen years after its date. Devinee’s mortgage was subsequently cancelled at Knox’s instance, and presumably upon the production by him to the Becorder of his payment of the Devince mortgage.
Precisely ten years after the issuing of the order of seizure and sale, viz Sept. 19,1877, the widow Gordon instituted this suit, the object of which is to compel Knox to pay to her the proceeds of sale of the-mortgaged property. The suit is in her double capacity of administratrix of the succession, and tutrix of her children, and she alleges that she is a widow in necessitous circumstances, and as such is entitled, with her children, to one thousand dollars from the succession, which is a. privileged claim ranking the mortgages — that Knox’s vendor’s lien was lost because not recorded within six days, and his mortgage was lost because the note, secured by it, was prescribed. She prays judgment against him for the sum claimed, and that the Court will order one thousand dollars thereof to be paid to her and her children, and Knox’s-mortgage and vendor’s lien be declared null and void.
The suit is in the district court.
The defendant excepted that the petition disclosed no cause of action, which being overruled, he pleaded what is equivalent to the general issue.
The plaintiff complains that Knox was really, by his appropriation and distribution of the proceeds of sale, undertaking to settle the sue- *286 cession, and loses sight of the fact that, while objecting to his assumption of authority, she is herself asking the district court to settle it, and distribute the fund arising from the sale as in a mortuary proceeding. It is unnecessary to say that the district court cannot legally usurp the functions of the parish court in that particular, and that portion of the •demand was outside of its jurisdiction. As to the other part of the demand, of which the district court had jurisdiction, the administratrix should have interposed her plea of prescription when the order of seizure and sale was about to be executed. She was duly notified of the executory process, and had time and opportunity to avail herself of that, or any other valid ground for arresting the process. The court rightfully issued it. Williamson v. Richardson, 30 Annual, 1163. But the evidence in this record shews that the note was not prescribed. It matured Eeb. 1,1853. Payments were made on it Nov. 29, 1853,-Dec. 26, 1854, May 1857, Nov. 16,1858, and Jan. 13, 1863, the last credit being signed by Gordon, the debtor. The suit was brought and citation served in less than five years from the last date.
The plaintiff insists that these credits are of no avail in interrupting prescription, because parol evidence is inadmissible to prove an acknowledgment or promise to pay a debt by a deceased person, or an actual payment, so as to take the debt out of prescription. The payments were in writing, and the last of them, on the same paper, was signed by the debtor himself, and the proof was not therefore parol. The proof of his signature by parol was of course admissible.
The vendor’s lien of Knox was lost, as to third persons only, by the failure to record it in six days, Sue. Marc, 29 Annual, 412, and the failure to re-inscribe his mortgage within ten years gave to Devince’s mortgage precedence over him, but it had effect from the date of its re-inscription. It was a valid, existing mortgage at the time of Gordon’s death, and when executory process issued for its foreclosure, and the vendor’s lien was equally well preserved as to the vendee and those claiming from him.
The plaintiff, as administratrix, neglected to interpose by third opposition at the mortgage sale, and claim the distribution of its proceeds according to the pretensions now set up, and even now the main object of the action is to realize the necessitous widow’s portion, by a distribution of succession funds through the medium of a judgment of the district court.
The lower court gave judgment for the defendant, and that judgment is affirmed.